Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, the Full Commission AFFIRMS the decision of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Medical records marked as stipulated exhibit 1 were received into evidence.(eight pages)
3. A record of unemployment benefits paid to the plaintiff marked as stipulated exhibit 2 was received into evidence. (one page)
4. A set of doctors' notes marked as stipulated exhibit 3 were received into evidence.(seven pages)
*****************
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a forty-three year-old female with a high school degree. Plaintiff had worked for the defendant-employer for approximately five years.
2. Plaintiff was employed by the defendant-employer as a laborer in the underwear layout department. Plaintiff's duties included loading and transferring boxes of underwear.
3. On January 24, 1994, plaintiff was working on a thousand box order of underwear. Plaintiff was taking some boxes off a cart and putting the boxes on to a truck. Plaintiff testified that while she was bent over, she felt a pain in her back.
4. On January 24, 1994 while plaintiff was pushing the truck, her lead operator Barbara Sheets, saw her and asked if she was "okay", and plaintiff replied that her back was hurting. However, plaintiff did not tell Ms. Sheets that she had hurt her back on the job. Ms. Sheets did not notify a supervisor, or direct plaintiff to another supervisor to prepare an accident report, as she would have done if notified that an employee working with her was injured on the job.
5. Plaintiff did not give any notice, written or otherwise, to the defendant-employer that she had sustained a work-related incident within thirty days following January 24, 1994.
6. On January 25, 1994 plaintiff sought out medical treatment for her back from Dr. Spargo, her family physician, without seeking payment from the defendants.
7. Plaintiff told Dr. Spargo of pain while lifting the day before. Dr. Spargo diagnosed plaintiff as suffering from back strain. Dr Spargo restricted plaintiff from returning to work for the time period beginning January 25, 1994 to February 4, 1994. Dr. Spargo referred the plaintiff to Dr. Furr.
8. On February 4, 1994, plaintiff gave Dr. Furr a history of low back pain "over the past year." She described "working over Christmas on her knees when she started noticing some symptoms going down her back." There is no evidence that plaintiff worked "on her knees" in her job with the defendant-employer. Dr. Furr continued to restrict plaintiff from working and prescribed muscle relaxers. Dr. Furr eventually ordered an MRI be conducted. An MRI revealed that plaintiff had sustained a mild disc bulge at L4-5 and degenerative disc disease at L5-S1. Dr. Furr restricted plaintiff from returning to work for the time period from February 4, 1994 to March 29, 1994. Dr. Furr referred the plaintiff to Dr. Brown. Plaintiff was terminated from her job on or about March 24, 1994 because she had not provided the defendant-employer with a doctor's note restricting her from returning to work beyond March 14, 1994. Plaintiff had provided doctor notes to be out of work from January 24, 1994 to March 14, 1994. Plaintiff gave these notes to her supervisor Nancy Brown. None of these notes indicated that she was injured while working for the defendant. After being informed of her termination, plaintiff contended that she was hurt on the job.
9. When first seen by Dr. Brown, plaintiff described an injury while lifting boxes during her employment with the defendant. Dr. Brown recommended that plaintiff receive an epidural steroid injection and prescribed an elastic lumbar support. Dr Brown restricted the plaintiff from working for the time period from April 12, 1994 to April 23, 1994.
10. There is insufficient evidence of record to make findings of fact that would support that plaintiff had a reasonable excuse for failing to give written notice of a work-related injury within thirty days following January 24, 1994.
11. Defendants were unable to immediately investigate the circumstances surrounding the alleged injury, the nature of plaintiff's condition and whether it might be related to employment activities. Defendants were unable to immediately direct the supervision of plaintiff s medical treatment with a view toward minimizing the seriousness of the injury.
12. On May 20, 1994, plaintiff gave written notice that she had sustained a work-related injury.
13. There is insufficient medical evidence of record to find by its greater weight that plaintiff sustained an injury to her back as a result of a work-related incident. A careful examination of stipulated medical records shows no opinion by any of plaintiff's doctors that the January 24, 1994 incident caused or aggravated plaintiff s degenerative disc disease or the disc bulge at L4-5. A careful examination of the stipulated medical records shows no opinion as to whether plaintiff sustained a disabling back strain as a result of the January 24, 1994 work-related incident.
14. Plaintiff has received $4,056 in unemployment benefits between March 24, 1994, and the hearing before the Deputy Commissioner.
***************
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Plaintiff failed to give the required notice of a January 24, 1994 work-related incident. Plaintiff has failed to provide a reasonable excuse for her failure to give such notice. The Commission may not award plaintiff any benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-22.
2. Plaintiff has failed to prove by the greater weight of the evidence that a January 24, 1994 work-related lifting incident caused the back injuries treated by Dr. Spargo, Dr. Furr and Dr. Brown. N.C. Gen. Stat. § 97-2(6).
********************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim must be, and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
JRW:md